NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Submitted June 1, 2015[*]
Decided June 5, 2015

Before

JOEL M. FLAUM, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 14-3608

DEMETRIUS STAPLES, BABATUNDE OWOSENI, and ANDREW DILLON,
    *Plaintiffs-Appellants,*

*v.*

PARAGON SYSTEMS, INC., *et al.,*
    *Defendants-Appellees.*

Appeal from the United States District Court for the Southern District of Illinois.

No. 13-cv-911-JPG-PMF
J. Phil Gilbert, *Judge*.

**Order**

The three plaintiffs work for Security Consultants Group as security officers. Their work requires that they be armed, which in turn requires a license that the employer acquires on each worker's behalf. 68 Ill. Admin. Code 1240.530(a). Licenses must be renewed every three years. According to the complaint, Security Consultants did not pro-

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

cess the paperwork on time in 2013, and each plaintiff lost two or three weeks' work until his license was renewed. They asked their union (Committee for Fair and Equal Representation) for assistance, but the union declined to file grievances. Plaintiffs contend in this hybrid suit under §301 of the Labor Management Relations Act, 29 U.S.C. §185, that the union violated its duty of fair representation by not grieving the loss of work and that the employer violated the collective bargaining agreement by not ensuring the licenses' timely renewal (or compensating them for work lost because of the employer's delay). Plaintiffs must show both of these things in order to prevail. See, e.g., *DelCostello v. Teamsters Union*, 462 U.S. 151, 164–65 (1983). The district court began and ended its analysis with the union's potential liability; having concluded that the union did not violate the duty of fair representation, the court did not need to address any other issue.

Some passages in the district court's opinion suggest that it found the complaint inadequate because plaintiffs do not "plead facts" showing that the union's decision was "arbitrary, discriminatory, or in bad faith", the legal standard. See *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). Intent may be pleaded generally, Fed. R. Civ. P. 9(b), and it does not take much to allege discriminatory conduct either. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). The federal rules establish a system of claim pleading, not fact pleading. See *Erickson v. Pardus*, 551 U.S. 89 (2007). What's more, courts are supposed to give the benefit of the doubt to litigants representing themselves, as the three plaintiffs are. But the district court's decision is nonetheless correct, though perhaps better understood as a dismissal on the pleadings, see Fed. R. Civ. P. 12(c), than as dismissal for failure to state a claim on which relief may be granted, see Rule 12(b)(6).

Plaintiffs' problem is not that they pleaded too little. It is that they pleaded too much and in doing so showed why they cannot prevail. The complaint explains that the union gave them a reason for not pursuing grievances, and plaintiffs do not contend that the reason is a phony one. The reason: in 2010 the union had filed a grievance on behalf of other workers who lost time because of the employer's delay in renewing their licenses to carry firearms. When the employer rejected that grievance, the union took it to arbitration, and the arbitrator ruled in the employer's favor. The arbitrator concluded that the collective bargaining agreement provides back pay for employees wrongfully suspended, but not for employees who (like plaintiffs) lacked a license necessary to continue working.

Plaintiffs contend that the union should take additional cases to arbitration until it finally finds someone willing to rule in their favor (if indeed an arbitrator would disregard a predecessor's interpretation of the same contract). But federal labor law does not require this; it is not "arbitrary" (in the language of *Vaca*) to accept an arbitrator's adverse decision. (Plaintiffs do not maintain that the union has violated their rights by fail-

ing to negotiate a new collective bargaining agreement changing the language on which the arbitrator relied.) Unions must decide how best to expend limited resources, and re-arbitrating the same issue usually has poor prospects. Given the "highly deferential" approach judges must take to unions' operational decisions, see *Air Line Pilots Association v. O'Neill*, 499 U.S. 65, 78 (1991), accepting an arbitrator's decision is permissible. Plaintiffs do not allege that the union discriminated against them; they contend that since the arbitrator's decision it has not pursued grievances on behalf of *any* worker who loses time because of a delayed license renewal. So plaintiffs cannot prevail. Their other arguments need not be discussed. The district court's judgment is

AFFIRMED.